IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JGJ, | |
| *Petitioner*, | Civil Action No. 3:26-cv-79 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Haiti, is currently housed at Moshannon Valley Processing Center ("MVPC"). He claims that he has been unlawfully detained for nine months, and the Court should order that he receive a bond hearing. (*Id*. at 2).

Petitioner entered the United States through Texas in March of 2023, and was served shortly thereafter with a Notice to Appear ("NTA") stating that he was removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) for lacking a valid visa or other documents. (ECF Nos. 11-1 and 11-2 at 4). On January 18, 2025, Petitioner was arrested by the York County Regional Police "for Strangulation – Applying Pressure to Throat or Neck (18 2718 A1) of his pregnant girlfriend." (*Id*. at 2). In April 2025 the charge was dropped, but petitioner was released to a U.S. Immigration and Customs Enforcement ("ICE") detainer. (*Id*.). An additional charge of removability was filed against Petitioner – i.e., that he was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), alien present in the United States without being admitted or paroled or who arrived in the country at a time or place other than as designated by the Attorney General. (*Id*. at 3). An Immigration Judge ("IJ") entered an order on August 19, 2025, finding that Petitioner

1

was removable pursuant to § 1182(a)(7)(A)(i)(I). (ECF No. 11-3 at 3). The IJ denied Petitioner's asylum claim and withholding of removal under the Convention Against Torture. (*Id*). Petitioner filed a notice of appeal with the Board of Immigration Appeals in September of 2025, that is currently pending. (ECF No. 11-4). In December of 2025, he filed a motion to remand his case back to the IJ for further proceedings based on new evidence. (ECF No. 1 at 7).

The Laken Riley Act mandated that immigration authorities detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, S. 5, 119th Cong. (2025). 8 U.S.C. § 1226(c) now provides that the Attorney General "***shall*** take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). The Supreme Court has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay;

and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted).

Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) due to entering the United States without inspection and permission and without valid visa documents. (ECF No. 11-2). His arrest for strangulation, in violation of 18 Pa.C.S. § 2718, provides for his mandatory detention under § 1226(c) during removal proceedings. For the following reasons, the Court holds that Petitioner's detention pursuant to § 1226(c) without bond has not become unreasonable and does not violate due process.[1]

The Court finds that the Government has not unreasonably delayed pursing removal proceedings. Petitioner has been in ICE custody since April 7, 2025, which is approximately ten months. He was ordered removed on August 19, 2025. His appeal to the Bureau of Immigration Appeals, which was received in September of 2025, is pending. The Court holds that his immigration proceedings have moved forward at a normal rate, without delay. The parties are pursing their respective rights, and there is no evidence before the Court that the Government has caused any unnecessary and undue delay.

Petitioner is being housed at MVPC, which only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center*. *See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/*. While the Court is empathetic to the assault Petitioner suffered at the hands of another detainee, he is not being detained in a prison alongside convicted criminals. His detention will terminate upon the conclusion of removal proceedings.

---

[1] Petitioner concedes that he is subject to mandatory detention under § 1225(b).

The Court is of the position that Petitioner's detention in MVPC is serving the purported immigration purpose for which 8 U.S.C. § 1226(c) was enacted. It prevents him from engaging in further criminal activity that rendered him subject to Section 1226(c). Further, it protects against flight as he faces deportation from the United States. For these reasons, the Court holds that Petitioner's mandatory detention pursuant to § 1226(c) is reasonable and does not violate due process. Furthermore, the Court lacks jurisdiction to enjoin Petitioner's transfer. *See* 8 U.S.C. § 1231(g)(1); *see also Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006); *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011).

AND NOW, this 12th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE